IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01206-BNB

MARIO ANTON LEE,

     Applicant,

v.

J. OLIVER, Warden,

     Respondent.

ORDER OF DISMISSAL

     Applicant, Mario Anton Lee, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, High Security, in Florence, Colorado. He submitted *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). He has paid the $5.00 filing fee.

     On June 12, 2014, the Court entered an order (ECF No. 7) directing Mr. Lee to show cause within thirty days why the instant application pursuant to 28 U.S.C. § 2241 should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Alabama (Southern Division) (North District of Alabama). On July 2, 2014, Mr. Lee filed a response to the order to show cause titled "Motion/Petition – To Show Cause" (ECF No. 8).

     The Court must construe liberally Mr. Lee's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. See *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). For the reasons stated below, the 28 U.S.C. § 2241 application will be denied.

On March 9, 2001, a jury convicted Mr. Lee in the Northern District of Alabama in Criminal Action No. 00cr347-LSC-JHE-1 on charges of conspiracy to distribute cocaine base, possession with intent to distribute heroin, possession with intent to distribute marijuana, and money laundering. He was sentenced on June 7, 2001, to a total sentence of 105 years of incarceration, to be followed by a 36-month term of supervised release. The judgment was entered on the docket on June 8, 2001. On June 20, 2002, the United States Court of Appeals for the Eleventh Circuit (Eleventh Circuit) affirmed.

On September 29, 2003, Mr. Lee filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the Northern District of Alabama denied on September 20, 2006. On March 19, 2007, the Eleventh Circuit denied a motion for certificate of appealability. On May 23, 2007, the Eleventh Circuit denied Mr. Lee's motion for reconsideration of the denial of the motion for certificate of appealability. On October 11, 2011, the Eleventh Circuit denied Mr. Lee authorization to file a second or successive § 2255 motion.

On January 8, 2013, Mr. Lee filed in the Northern District of Alabama a motion styled as a "Petition-Application for Relief Pursuant to Federal Civil Rules 60(b)(4)-(6) Procedures" seeking to have set aside based upon extraordinary circumstances the court's September 20, 2006, judgment denying the 28 U.S.C. § 2255 motion to vacate. On January 14, 2013, the Northern District of Alabama entered an order denying the

Rule 50(b) motion. On June 28, 2013, the Eleventh Circuit denied a certificate of appealability. The Eleventh Circuit subsequently denied Mr. Lee's motion for reconsideration of the order of June 28, 2013.

On December 11, 2013, the North District of Alabama denied a document Mr. Lee filed styled as a "Petition for and Federal Rule of Criminal Procedure Section 3742(a)(1)." The Northern District of Alabama construed the document liberally as an appeal under 18 U.S.C. § 3742, a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, and a motion to vacate under 28 U.S.C. § 2255, finding that the Northern District of Alabama lacked jurisdiction to consider the appeal, Rule 35 motion, and § 2255 motion, and specifically finding that Mr. Lee did not obtain authorization to file a successive § 2255 motion.

In the instant action, Mr. Lee asserts three claims challenging the validity of his conviction and sentence. He asserts trial court abuse of discretion (claim one), prosecutorial misconduct (claim two), and ineffective assistance of counsel (claim three).

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for

3

testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Mr. Lee bears the burden of demonstrating that the remedy available pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Lee's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Lee fails to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court is inadequate or ineffective. The fact that Mr. Lee may be barred from filing a second or successive § 2255 motion in the sentencing court is not enough, by itself, to demonstrate the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1178; *see also Bradshaw*, 86 F.3d at 166, *United States v. Montano*, 442 F. App'x 412, 413 (10th Cir. 2011) (concluding that § 2255 is not inadequate or ineffective for purposes of filing a writ of audita querela merely because relief under § 2255 may be time-barred). Therefore, the application will

be denied and the action dismissed because Mr. Lee fails to demonstrate that the remedy available in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

To the extent Mr. Lee seeks money damages and apparently complains about the conditions of his confinement, he may do so in a separate action initiated pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. A federal prisoner's challenge to his conditions of confinement generally is cognizable under *Bivens*. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Lee files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and the action dismissed without prejudice for lack of statutory jurisdiction because Applicant, Mario Anton Lee, fails to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Alabama (Southern Division), the sentencing court, is inadequate or ineffective. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED July 9, 2014, at Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock  
LEWIS T. BABCOCK  
Senior Judge, United States District Court