IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01206-LTB

MARIO ANTON LEE,

    Applicant,

v.

J. OLIVER, Warden,

    Respondent.

ORDER DENYING MOTION TO RECONSIDER

Applicant, Mario Anton Lee, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, High Security, in Florence, Colorado. He filed *pro se* a motion titled "Rule 59(e) Motion for Reconsideration" (ECF No. 11) and another titled "(Lee) Request to Amend Rule 59(e)" (ECF No. 12). The Court must construe the motions liberally because Mr. Lee is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion to amend will be granted. For the reasons discussed below, the Rule 59(e) motion, as amended, will be treated as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and will be denied.

In the Fed. R. Civ. P. 59(e) motion, as amended, Mr. Lee asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 9) and the Judgment (ECF No. 10) entered in this action on July 9, 2014. A litigant subject to an adverse judgment who

seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court denied Mr. Lee's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and dismissed the instant action without prejudice for lack of statutory jurisdiction because Applicant failed to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Alabama (Southern Division), the sentencing court, was inadequate or ineffective. After review of the Fed. R. Civ. P. 59(e) motion, as amended, and the entire

file, the Court finds that Mr. Lee fails to demonstrate any reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the motion, as amended, will be denied.

Accordingly, it is

ORDERED that the motion titled "(Lee) Request to Amend Rule 59(e)" (ECF No. 12) that Applicant, Mario Anton Lee, filed on July 16, 2014, is granted. It is

FURTHER ORDERED that the motion titled "Rule 59(e) Motion for Reconsideration" (ECF No. 11) that Mr. Lee filed on July 14, 2014, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  21st  day of    July         , 2014.

BY THE COURT:

   s/Christine M. Arguello   
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court